## FAILURE OF ASSENT TO CONTRACT FOR SALE AND PURCHASE.

Circuit Court of Cuyahoga County.

THE ARTHUR COAL & COKE COMPANY v. PITTSBURG. COAL COMPANY.

Decided, November 27, 1911.

*Mistake in Identity—Right of Set-off—Contract Not Created.*

When a purchaser buys from one whom he supposes to be his debtor and against whom he would have a right of set-off, a mistake as to the identity of the vendor prevents the contract from coming into existence for want of assent.

*Lang, Cassidy & Copeland,* for plaintiff in error.
*Holding, Masten, Duncan & Leckie,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The Arthur Coal & Coke Company, which was plaintiff below, and is plaintiff in error here, sued as assignee of the Phillips Coal & Coke Company, an Ohio corporation, upon an amount for coal sold to defendant under a contract evidenced

by a letter written by defendant to "the Phillips Coal & Coke Company," and by a letter of acknowledgment of the same date from the recipient of the order. The defendant contends that its contract was not with plaintiff's assignor, but with an older concern of the same name, not an Ohio corporation, against which it had an account, and that it is therefore entitled to set off its account against said older concern, it being stipulated that the mutual accounts are identical in amount, so that the set-off, if allowed, constitutes a complete defense.

There is some dispute in the evidence as to whether the defendant was not seasonably apprised of the distinction between the two companies bearing the name "the Phillips Coal & Coke Company." The jury's verdict implies a finding that the defendant had no notice of the distinction, and there is sufficient evidence to support this finding.

C. L. Arthur dealt with the defendants agent of both companies in succession. Both companies occupied the same office, conducted the same kind of business, used the same stationery, and in other ways, disclosed by the evidence, afforded abundant warrant for the jury's finding in this behalf. As regards the identity of the vendor, it may be assumed, therefore, that the defendant was deceived, and also that it was prejudiced, unless it can avail itself of its set-off. With respect to the identity of the parties to the alleged contract, their minds failed to meet. The action here is upon an express contract, the plaintiff having disavowed any reliance whatever upon an implied contract. Nor would this make any difference, for, in *The Columbus, Hocking Valley & Toledo R. R. Co. v. Gaffney*, 65 O. S., 104, it was expressly held that "The meeting of the minds of parties upon its terms is necessary to the making of a contract; and this is so whether it be an express contract or an implied one, if, in the latter case, the contract to be proved is an actual one as distinguished from a constructive contract."

The charge to the jury presents, therefore, the sole grounds of error complained of here.

The court charged, that notwithstanding the selling agent, Mr. Arthur, may have been in fact acting for plaintiff's assignor in making the contract, yet, if he did not so inform the defend-

ant, and if the defendant in good faith supposed and believed
it was contracting with a company with which it had previously
dealt, and which was indebted to it, the situation would be that
the minds of the parties never met in respect to a material
part of the contract.

And again, the court charged that the burden of proof is
upon the plaintiff to show that the contract was made between
the defendant and plaintiff's assignor, or, in other words, that
defendant was informed or knew that it was contracting for the
purchase of said coal with plaintiff's assignor, and not with the
company with which it had previously dealt under that name.

It is, no doubt, ordinarily true that the identity of the vendor
in an executed contract for sale is of no moment to the vendee
who has negotiated with one person, believing him to be another,
and has received and retained the goods bargained for.    Or-
dinarily, too, the burden of proof with regard to the identity of
parties is fully satisfied by showing mere identity of names of
persons.    Where, however, the vendee's right of set-off is in-
volved, and where there is, as in this case, a confusion of
identity, an occasion for the application of the rules laid down
by the trial court may well arise.    Cases of this sort, though
unusual, except where deliberate fraud is perpetrated, are never-
theless treated of in the books.    In *Benjamin on Sales,* 7th Edi-
tion, Section 58, the distinction is laid down as follows:

"A mistake as to the person with whom the contract is made
may or may not avoid the sale, according to circumstances.
In the common case of a trader who sells for cash, it can make
no possible difference to him whether the buyer be Smith or
Jones, and mistake of identity would not prevent the formation
of the contract.    But when the identity of the person is an im-
portant element in the sale, as if it be on credit, where the in-
solvency of the buyer is the chief motive which influences the
assent of the vendor, or when the purchaser buys from one whom
he supposes to be his debtor and against whom he would have
the right to set off the price, a mistake as to the person dealt
with prevents the contract from coming into existence for want
of assent."

See also: *Parsons on Contracts,* 9th Ed., p. 565; *Mechem on
Sales,* Section 267; *Walds Pollock on Contracts,* 5th Ed., p. 591.

We have examined the cases cited by the plaintiff in error without discerning any sufficient reason for refusing to recognize the rule laid down by Benjamin, and the judgment is affirmed.